FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 MAY 27  AM 11: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAGULL MARINE, INC. AND AGILITY PROJECT LOGISTICS, INC. | * <br> * C.A. No. **10-1581** <br> * |
| versus | * JUDGE _____ <br> * |
| M/V GULMAR FALCON, her engines, tackle, furniture, appurtenances, etc., *in rem*; and GULMAR FALCON MARINE INVESTMENTS, S.A., and GULMAR OFFSHORE MIDDLE EAST, LLC, *in personam* | * MAGISTRATE **SECT. K MAG. 5** <br> * <br> * <br> * |

*******************************

## VERIFIED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, SEAGULL MARINE, INC. (hereinafter "Seagull") and AGILITY PROJECT LOGISTICS, INC. (hereinafter "Agility") and for their Complaint against the M/V GULMAR FALCON, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, and Gulmar Falcon Marine Investments S.A. ("Gulmar Falcon") and Gulmar Offshore Middle East, LLC ("Gulmar Offshore"), *in personam,* in a cause of action both civil and maritime, upon and information and belief, respectfully represent as follows:

1.

This is an admiralty and maritime claim within the jurisdiction of the United States of America and this Honorable Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules Governing Certain

Fee 350
✓ Process
X Dktd 3ccusm
___ CtRmDep
___ Doc. No.

Admiralty and Maritime Claims. The Court also has jurisdiction pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31341 *et. seq.*

2.

Venue in this action is properly found in this Honorable Court pursuant to 28 U.S.C. § 1391(b).

3.

At all material times, plaintiff, Seagull, was and is a company organized and existing under the laws of the state of Louisiana.

4.

At all material times, plaintiff, Agility, was and is a company organized and existing under the laws of the state of Louisiana.

5.

At all material times, defendant vessel, M/V GULMAR FALCON, was and is a vessel bearing IMO No. 7408897, which is now or will be during the pendency of this action on the navigable waters of this District and within the jurisdiction of this Honorable Court.

6.

At all material times herein, defendant Gulmar Falcon was and is a company foreign to the State of Louisiana, and the owner, owner *pro hac vice* and/or operator of M/V GULMAR FALCON.

7.

At all material times herein, defendant Gulmar Offshore was and is a company foreign to the State of Louisiana, and the owner, owner *pro hac vice* and/or operator of M/V GULMAR FALCON.

## **FIRST CAUSE OF ACTION**

8.

Plaintiff, Seagull and Agility, repeat and reallege each and every allegation set forth in Paragraphs 1-7 of this Verified Complaint as if fully set forth herein.

9.

Upon information and belief, Gulmar Falcon is the owner or nominal owner of M/V GULMAR FALCON.

10.

Upon information and belief, Gulmar Offshore is the owner, owner *pro hac vice* and/or nominal owner of M/V GULMAR FALCON.

11.

In 2009 and 2010, Seagull supplied goods and services to M/V GULMAR FALCON as requested and authorized by Gulmar Falcon and/or Gulmar Offshore.

12.

The goods and services provided to the vessel were necessaries.

13.

Seagull attaches as *en globo* Exhibit "A" the invoices which remain unpaid and outstanding, together with an accounts receivable summary, showing that defendants owe Seagull the principal amount of $60,881.30.

14.

The invoices specify that Seagull is entitled to attorneys fees and costs, together with interest of up to 15% per annum, in the event of collection action.

15.

The goods and services were provided and performed in a competent and workmanlike manner.

16.

There has been no payment of the outstanding amounts due on the above invoices, despite amicable demand.

17.

In 2009 and 2010, Agility supplied goods and services to M/V GULMAR FALCON as requested and authorized by Gulmar Falcon and/or Gulmar Offshore.

18.

The goods and services provided to the vessel were necessaries.

19.

Agility attaches as *en globo* Exhibit "B" the invoices which remain unpaid and outstanding, together with an accounts receivable summary, showing that defendants owe Agility the principal amount of $10,097.70.

20.

The invoices specify that Agility is entitled to attorney's fees and costs, together with interest of up to 15% per annum, in the event of collection action.

21.

The goods and services were provided and performed in a competent and workmanlike manner.

22.

There has been no payment of the outstanding amounts due on the above invoices, despite amicable demand.

23.

Defendants' failure to pay constitutes a breach and/or an anticipatory breach of contract and/or quasi-contract and of the invoice terms and conditions, making defendants liable to plaintiffs for the principal amounts, together with attorneys' fees, interest, costs and other recoverable damages.

24.

Upon information and belief, defendants Gulmar Falcon and Gulmar Offshore cannot be found within the District, and their assets within the jurisdiction are hence subject to attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to satisfy the unpaid invoices.

25.

Seagull and Agility request that this Honorable Court issue a writ of attachment for the M/V GULMAR FALCON to enforce the Rule B claims asserted above, and after due proceedings had, that said vessel be sold to satisfy Seagull's and Agility's claims.

## SECOND CAUSE OF ACTION

26.

Plaintiffs, Seagull and Agility, repeat and reallege each and every allegation set forth in Paragraphs 1-25 of this Verified Complaint as if fully set forth herein.

27.

The authorized representatives of M/V GULMAR FALCON instructed Seagull and Agility to provide goods and services to the M/V GULMAR FALCON, and these goods and services were provided in 2009 and 2010.

28.

The goods and services were necessaries provided to the vessel.

29.

Seagull attaches as *en globo* Exhibit "A" the invoices which remain unpaid and outstanding, together with an accounts receivable summary, showing that Seagull is owed the principal amount of $60,881.30.

30.

The invoices specify that Seagull is entitled to attorneys fees and costs, together with interest of up to 15% per annum, in the event of collection action.

31.

The goods and services were provided and performed in a competent and workmanlike manner.

32.

There has been no payment of the outstanding amounts due on the above invoices, despite amicable demand.

33.

Agility attaches as *en globo* Exhibit "B" the invoices which remain unpaid and outstanding, together with an accounts receivable summary, showing that agility is owed the principal amount of $10,097.70.

34.

The invoices specify that Agility is entitled to attorneys fees and costs, together with interest of up to 15% per annum, in the event of collection action.

35.

The goods and services were provided and performed in a competent and workmanlike manner.

36.

There has been no payment of the outstanding amounts due on the above invoices, despite amicable demand.

37.

The failure to pay for the necessaries provided by plaintiffs makes the vessel liable to plaintiffs for the principal amounts, together with attorney's fees, interest, costs and other recoverable damages.

38.

The goods and services provided by Seagull and Agility give rise to a maritime lien under the general maritime law and the Federal Maritime Lien Act, 46 U.S.C. § 31341, *et seq.*, entitling Seagull and Agility to have the vessel arrested and sold to satisfy the debt pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

39.

Seagull and Agility request that this Honorable Court issue a warrant of arrest for the M/V GULMAR FALCON, her engines, tackle, apparel, equipment and appurtenances, etc. to

enforce the Rule C *in rem* claims asserted above and that after due proceedings, said vessel be sold to satisfy Seagull's and Agility's claims.

40.

The M/V GULMAR FALCON, upon information and belief, is presently in Fourchon, Louisiana, which is within the territorial district of this Honorable Court.

41.

Pursuant to Local Rule, Seagull and Agility agree to hold harmless and indemnify the United States of America, the U.S. Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of vessel.

**WHEREFORE**, Seagull Marine, Inc. and Agility Project Logistics, Inc. pray:

(1)   For a writ of maritime attachment issued by the Court to attach the M/V GULMAR FALCON to satisfy Seagull's and Agility's claims, including costs, expenses, attorneys' fees and pre-judgment interest, pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

(2)   For Judgment in *personam,* and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, against defendants Gulmar Falcon Marine Investments, S.A. and Gulmar Offshore Middle East, LLC, together with pre-judgment interest, expenses, attorneys' fees and costs;

(3)   For process *in rem* pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure issued by the Court against the M/V GULMAR FALCON, its engines, tackle, etc. and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the

matters aforesaid, and that the M/V GULMAR FALCON be seized, condemned and sold to satisfy all amounts owed to Seagull and Agility as set forth herein;

(4) For Judgment *in rem* against the M/V GULMAR FALCON, and as provided by 46 U.S.C. § 31342, in the full amount due as set forth herein, including pre-judgment interest, costs, expenses and attorneys' fees;

(5) That any property attached in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into this Court to satisfy all amounts owed to Seagull and Agility as set forth herein;

(6) That defendants be cited to appear and answer the matters aforesaid; and

(7) That this Court grant plaintiff such other and further relief which it may deem just and proper.

Respectfully submitted,

**PATRICK MILLER, LLC**

_____
Laurence R. DeBuys IV (La. 14202)
Patrick H. Patrick (La. 14297)
Jennifer Stierman Edwards (La. 19394)
Derek M. Mercer (La 28827)
Pierre V. Miller II (La 17712)
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
Telephone: (504) 527-5400
Telecopier: (504) 527-5456
E-mail: ldebuys@cox.net
*Attorneys for Seagull Marine Inc. and Agility Project Logistics, Inc.*